# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSAM SMADI, #39482-177, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 18-cv-01462-SMY ) |
| WILLIAM TRUE, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Hosam Smadi, an inmate who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner seeks expungement of a 2015 disciplinary ticket (Incident Report #2702734) and restoration of 27 days of good conduct credit. (Doc. 1, pp. 1, 8). This matter is now before the Court for preliminary review of the habeas petition.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases. The petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 and shall receive further review.

## Habeas Petition

Petitioner challenges a disciplinary ticket (Incident Report #2702734) that he received on April 7, 2015. (Doc. 1, pp. 1-24). The ticket was issued for the alleged violation of 28 C.F.R.

1

§ 541.3, Code 299, for conduct which disrupts or interferes with the security of the institution. (Doc. 1, p. 1). The ticket was issued 15 days after Petitioner made the following statement:

> "911 7 7, 911 7 7, 911 7 7, 911 7 7, 911 7 7, 911 7 7. That is the best number in the world. 911 7 7. Three thousand sheep. Three thousand sheep were barbecued, and, burned. 911 times 7. 7 times IED makes a martyr. Three thousand sheep were barbecued, and burned."

(Doc. 1, p. 3). Petitioner claims that he made this statement to three correctional officers on March 23, 2015. *Id*.

At the time, Petitioner was (and still is) serving a 288-month sentence for attempted use of a weapon of mass destruction. (Doc. 1, p. 2). He is diagnosed with schizophrenia and "several other mental illnesses," which cause delusions and unusual behaviors. (Doc. 1, pp. 1-2). Before making this statement, Petitioner asked to speak with someone from psychological services because he had "become fearful of his socks." (Doc. 1, p. 2). A psychologist met with Petitioner two days later to discuss this fear. (Doc. 1, p. 3).

On the date he received the disciplinary ticket, Petitioner was not wearing socks. (Doc. 1, p. 3). An unidentified staff member confronted him about this fact. *Id*. Rather than issue him an incident report for a dress code violation on April 7, 2015, Intelligence Research Specialist Evelyn Keller wrote Petitioner an incident report for violating Code 299[1] based on the statement he made 15 days earlier. *Id*.

On April 30, 2015, Petitioner was found guilty of violating Code 299 and punished with a loss of 27 days of good conduct credit. (Doc. 1, p. 3). Disciplinary Hearing Officer ("DHO") English concluded that Petitioner was mentally competent at the time he engaged in activity that disrupted the orderly functioning of the institution. *Id*. This was despite the fact that the three

---

[1] Petitioner describes Code 299 as being "most like [C]ode 212." (Doc. 1, p. 3).

correctional officers who Petitioner claims heard his statement "did not exist." *Id*. The DHO held that Petitioner's statements instead upset an unidentified inmate. *Id*.

Petitioner now objects to the disciplinary action taken against him on three grounds. (Doc. 1, p. 3). First, Petitioner argues that no evidence supported the DHO's decision. (Doc. 1, pp. 4-6). Second, he challenges the constitutionality of Code 299 on First Amendment grounds. (Doc. 1, pp. 6-7). Third, he challenges the DHO's finding regarding his mental competence. (Doc. 1, pp. 7-8). Petitioner affirmatively states that he exhausted all of his remedies before filing the instant petition. (Doc. 1, pp. 3-4).

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly pursued under § 2241. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994). This includes Petitioner's request for restoration of good conduct credit in the instant petition. Without commenting on the merits of Petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

## Disposition

**IT IS HEREBY ORDERED** that Respondent True shall answer or otherwise plead within thirty days of the date this order is entered (on or before September 19, 2018).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the

---

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**Dated: August 20, 2018**

**s/ STACI M. YANDLE**
**United States District Judge**
